UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

SEAN T. WILEY,

                                    Plaintiff,

            v.                                                9:19-CV-0652
                                                                    (BKS/CFH)

VERONICA FERNANDEZ, et al.,

                                    Defendants.

---

APPEARANCES:

SEAN T. WILEY
09137424
Plaintiff, pro se
Manchester Federal Correctional Institution
Inmate Mail/Parcels
P.O. BOX 4000
Manchester, KY 40962

BRENDA K. SANNES
United States District Judge

## DECISION AND ORDER

## I. INTRODUCTION

Plaintiff Sean T. Wiley commenced this action pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics* ("*Bivens*"), 403 U.S. 388 (1971) by filing a pro se civil rights complaint together with an application for leave to proceed in forma pauperis. Dkt. No. 1 ("Compl."); Dkt. No. 2 ("IFP Application"). By Decision and Order of this Court filed June 26, 2019, plaintiff's IFP Application was granted, and following review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), some of

plaintiff's claims and some of the named defendants were dismissed and the Court directed service and a response for the claims against the named defendants that survived sua sponte review. Dkt. No. 5 ("June 2019 Order").

Presently before the Court is plaintiff's amended complaint. Dkt. No. 13 ("Am. Compl.").

## II. DISCUSSION

### A. The Complaint and June 2019 Order

In his original complaint, plaintiff asserted claims arising while he was incarcerated at Ray Brook Federal Correctional Institution ("FCI Ray Brook") as a federal inmate. *See generally* Compl.

The complaint was construed to assert the following claims: (1) Eighth Amendment excessive force claims against defendants Bowman and Gianelli; (2) Eighth Amendment medical indifference claims against defendants Fernandez and Berdo; (3) Eighth Amendment conditions-of-confinement claims against defendants Fernandez, Denleney, and Shipman; (4) First Amendment retaliation claims against defendants Gianelli, Fernandez, Denleney, Shipman, and Fulger; and (5) Fifth Amendment due process claims against defendants Fernandez, Denleney, Shipman, and Fulger. *See* June 2019 Order at 7.

After reviewing the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), plaintiff's Eighth Amendment excessive force claims against defendants Bowman and Gianelli were found to survive sua sponte review and require a response. *See* June 2019 Order at 11, 28. Plaintiff's remaining claims were dismissed without prejudice for failure to state a claim upon which relief may be granted. *Id*. at 28. Defendants Fernandez, Denleney, Berdo, Fulger, and Shipman were also dismissed as defendants from the action

2

without prejudice. *Id*.

### B. Overview of the Amended Complaint

Plaintiff's amended complaint is substantially the same as his original complaint with a few exceptions.

First, the amended complaint does not name Corrections Captain Denleney or Hearing Officer Fulger as defendants, or re-assert the following claims, which were dismissed without prejudice in the June 2019 Order: (1) First Amendment retaliation claims against defendants Denleney, Gianelli, and Fulger; (2) Eighth Amendment conditions-of-confinement claims against defendants Fernandez, Shipman, and Denleney; and (3) Fifth Amendment due process claims against defendants Fernandez and Shipman. *See generally*, Am. Compl.

Second, plaintiff has added the United States of America as a defendant and asserted a claim under the Federal Tort Claims Act ("FTCA") based on allegations that he was denied access to medications for his back injury for several weeks as a result of defendant Berdo's actions, which were approved by defendant Fernandez. *See* Am. Compl. at 4-6.

Third, plaintiff has re-asserted the following claims that were previously dismissed without prejudice in the June 2019 Order: (1) Eighth Amendment medical indifference claims against defendants Fernandez and Berdo; and (2) First Amendment retaliation claims against defendants Fernandez and Shipman. Plaintiff supports these claims with materially similar as well as new allegations. *See generally*, Am. Compl.[1] The following new facts are set forth as alleged in the amended complaint.

---

[1] Plaintiff has also attached documentary evidence and an affidavit to his amended complaint. *See* Am. Compl. at 20, 25-49.

3

Following the use-of-force incident that occurred on February 14, 2018, Nurse Kim Sorreal (not a party) examined plaintiff on February 15, 2018, "confirm[ed]" that he suffered an injury to his back, and prescribed acetaminophen for the pain, along with back exercises. Am. Compl. at 5. On February 19, 2018, plaintiff was again seen by Nurse Sorreal, during which time he notified her that he had yet to receive the acetaminophen that was ordered. *Id.* In response, Nurse Sorreal informed plaintiff that defendant Berdo had given all members of medical staff "personal orders" that plaintiff "was to receive nothing from medical[.]" *Id.*

That same day, plaintiff "filed [an] administrative remedy" regarding the denial of medication. Am. Compl. at 5. Although plaintiff addressed his "administrative remedy" to the pharmacist, defendant Berdo replied to the submission and indicated that she had created a new policy pursuant to which plaintiff "would have to retain and exchange empty bottles, tubes, [and] containers" to obtain over-the-counter medication as well as prescribed medication. *Id.*

On February 21, 2018, plaintiff spoke with defendant Berdo and explained "the degree of [his] injury that [he] had substain [sic] from the staff assault" and his need for prescribed medication as well as over-the-counter medication. Am. Compl. at 5-6. Plaintiff further advised defendant Berdo that, prior to her implementation of the new policy regarding retention of empty containers, he had discarded his empty containers because he was informed by a corrections lieutenant that "those empty items [were] consider[ed] as clutter by SHU rules[.]" *Id.* at 6. Defendant Berdo responded, "Oh well[,]" and then walked away. *Id.*

Later that same day, plaintiff spoke with defendant Fernandez about defendant Berdo's "illegal policy" and the difficulties he was experiencing with his injured back due to a

4

lack of access to prescribed medication. Am. Compl. at 6. Defendant Fernandez responded that she was "fine with this new policy" and directed plaintiff to submit a grievance if he was unhappy. *Id.*

Thereafter, plaintiff filed an "admin remedy[,]" which he addressed to defendant Fernandez. Am. Compl. at 6. Plaintiff began receiving medication on March 27, 2018, after defendants Fernandez and Berdo stopped enforcing the new policy regarding empty bottles. *Id.* However, defendant Berdo interfered with plaintiff's ability to obtain "other medical procedures and medications" that Nurse Sorreal "tryed [sic] to obtain for [him.]" *Id.*

On April 4, 2018, plaintiff was advised by Corrections Lieutenant Strack (not a party) that the investigation of the incident that occurred on November 7, 2017, which formed the basis of plaintiff's continued confinement in the special housing unit ("SHU") since that date, was almost complete. Am. Compl. at 7. On April 6, 2018, while Corrections Officer Straesser (not a party) was making rounds, plaintiff informed her that he "look[ed] forward to being release[d] soon back to the compound" and "couldn't wait to be over in education again . . . so the people that had lied on [him] would have to see [him.]" *Id.* Plaintiff assured Corrections Officer Straesser that his statement was not a threat, and she did not write an "incident report" about the statement within the twenty-four hour period that officials are supposed to write reports following the occurrence of an incident. *Id.*

On April 20, 2018, the investigation regarding the November 7, 2017 incident "officially closed" without any sanctions or findings of wrongdoing. Am. Compl. at 7. As of that date, plaintiff had pending "remedy's" involving defendants Berdo, Gianelli, and Bowman. *Id.*

Despite "no investigations ongoing, and no incident reports . . . pending," plaintiff remained in SHU. Am. Compl. at 7. On May 12, 2018, plaintiff was informed that he was not

5

being released from SHU and was instead "put in for a transfer." *Id.* On May 25, 2018, plaintiff was informed that his transfer request to a facility in Texas had been denied, and that he would soon be released from SHU. *Id.*

On May 28, 2018, plaintiff spoke with defendant Fernandez and "ask[ed] about [his] situation[.]" Am. Compl. at 8. Defendant Fernandez informed plaintiff that another transfer request "was being consider[ed.]" *Id.* Plaintiff advised defendant Fernandez that he had been in SHU for seven months, where he remained despite having been cleared of all wrongdoing and being "the victim of a vicious and malicious assault by her staff[.]" *Id.* Defendant Fernandez indicated that she was "well aware of [his] situation" and that plaintiff would be released from SHU if his new transfer request was denied. *Id.*

The next day, plaintiff submitted a grievance about his continued confinement in SHU. Am. Compl. at 8. Eight days later, defendant Shipman spoke with plaintiff and informed him that he (defendant Shipman) was "taking over the S.I.S. Department from L.T. Strack and that [defendant] Fernandez has mandated that he do something with [plaintiff] and all those remedy's[.]" *Id.* Defendant Shipman further indicated that plaintiff's file was "on his desk" and that "he [was] going to 'spice it up' and get [plaintiff] on [his] way." *Id.*

On June 12, 2018, plaintiff received an incident report authored by defendant Shipman based on the statement he made to Corrections Officer Straesser on April 6, 2018. Am. Compl. at 8, 27-29. On July 18, 2018, plaintiff was found guilty of the charge in the incident report, which plaintiff successfully appealed. *Id.* at 8, 28.

The remainder of the amended complaint is materially similar to the original complaint, and re-asserts plaintiff's Eighth Amendment excessive force claims against defendants Bowman and Gianelli, which survived sua sponte review. *See generally* Am. Compl. For a

6

more complete statement of plaintiff's claims, reference is made to the amended complaint.

### C. Analysis

Because plaintiff is proceeding in forma pauperis and is an inmate suing government employees, his amended complaint must be reviewed in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) was discussed at length in the June 2019 Order and it will not be restated in this Decision and Order. *See* June 2019 Order at 2-4.

Similarly, the legal standard governing claims for money damages under *Bivens* and its progeny was discussed at length in the June 2019 Order and will not be restated in this Decision and Order. *See* June 2019 Order at 7-10. The Court will only note, as it did in the June 2019 Order, that for initial screening purposes only, the Court assumes that a remedy under *Bivens* is available to plaintiff with respect to each of his asserted claims. *See* June 2019 Order at 10 (citing *Akande v. Philips*, No. 17-CV-01243, 2018 WL 3425009, at *7-*9 (W.D.N.Y. July 11, 2018) (assuming, for initial screening purposes only, that "a remedy under *Bivens* is available to Plaintiff" regarding his excessive force and access-to-courts claims)).

#### 1. Eighth Amendment Medical Indifference Claims

Claims that prison officials have intentionally disregarded an inmate's medical needs fall under the umbrella of protection from the imposition of cruel and unusual punishment afforded by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 102, 104 (1976). The Eighth Amendment prohibits punishment that involves the "unnecessary and wanton infliction of pain" and is incompatible with "the evolving standards of decency that mark the progress

of a maturing society." *Id*.; *see also Whitley v. Albers*, 475 U.S. 312, 319 (1986) (citing, *inter alia, Estelle*). While the Eighth Amendment does not mandate comfortable prisons, neither does it tolerate inhumane treatment of those in confinement. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citing *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981)).

"In order to establish an Eighth Amendment claim arising out of inadequate medical care, a prisoner must prove 'deliberate indifference to [his] serious medical needs.'" *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (quoting *Estelle*, 429 U.S. at 104). "First, the alleged deprivation must be, in objective terms, sufficiently serious." *Chance*, 143 F.3d at 702 (internal quotation marks and citations omitted). Addressing the objective element, to prevail a plaintiff must demonstrate a violation sufficiently serious by objective terms, "in the sense that a condition of urgency, one that may produce death, degeneration, or extreme pain exists." *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996). "Second, the defendant must act with a sufficiently culpable state of mind," *Chance*, 143 F.3d at 702 (internal quotation marks and citations omitted); that is, the plaintiff must demonstrate that the defendant "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837; *see also Blyden v. Mancusi*, 186 F.3d 252, 262 (2d Cir. 1999) (With respect to the subjective element, a plaintiff must also demonstrate that defendant had "the necessary level of culpability, shown by actions characterized by 'wantonness.'").

Non-medical personnel may be held liable for deliberate indifference to medical needs where a plaintiff demonstrates that the prison personnel intentionally denied or delayed access to medical care or intentionally interfered with medical treatment once it was prescribed. *See Banks v. No. 8932 Corr. Officer*, No. 11-CV-8359, 2013 WL 673883, at *4

8

(S.D.N.Y. Feb. 25, 2013) ("A prison guard's deliberate indifference to a serious medical need of a prisoner means intentionally denying or delaying access to medical care or intentionally interfering with medical treatment once it was prescribed."); *see also Estelle*, 429 U.S. at 104-05 (1976) (noting that deliberate indifference may be manifested when prison guards intentionally deny or delay access to medical care).

Mindful of the Second Circuit's direction that a pro se plaintiff's pleadings must be liberally construed, *see Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008), the Court finds that plaintiff's Eighth Amendment medical indifference claims against defendants Berdo and Fernandez survive sua sponte review and require a response. In so ruling, the Court expresses no opinion as to whether these claims can withstand a properly filed dispositive motion.

### 2. First Amendment Retaliation Claims

Courts must approach claims of retaliation "'with skepticism and particular care' because 'virtually any adverse action taken against a prisoner by a prison official–even those otherwise not rising to the level of a constitutional violation–can be characterized as a constitutionally proscribed retaliatory act.'" *Davis v. Goord*, 320 F.3d 346, 352 (2d Cir. 2003) (quoting *Dawes v. Walker*, 239 F.3d 489, 491 (2d Cir. 2001), *overruled on other grounds*, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002)). To state a plausible claim, a plaintiff asserting a First Amendment retaliation claim must advance "non-conclusory" allegations establishing "(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech [or conduct] and the adverse action." *Davis*, 320 F.3d at 352 (quoting

9

*Dawes*, 239 F.3d at 492). "[A] complaint which alleges retaliation in wholly conclusory terms may safely be dismissed on the pleadings alone." *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983).

Mindful of the Second Circuit's direction that a pro se plaintiff's pleadings must be liberally construed, *see Sealed Plaintiff*, 537 F.3d at 191, the Court finds that plaintiff's First Amendment retaliation claims against defendants Shipman and Fernandez survive sua sponte review and require a response. In so ruling, the Court expresses no opinion as to whether these claims can withstand a properly filed dispositive motion.

### 3. FTCA Claim

The FTCA constitutes a waiver of the Government's sovereign immunity from suit for claims of property damage or personal injury caused by the "negligent or wrongful act or omission" of its employees "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the laws of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Claims against the government must be presented to the appropriate federal agency for resolution prior to seeking judicial relief. 28 U.S.C. § 2675(a). The only proper defendant to an action under the FTCA is the United States. *See, e.g., Jordan v. Federal Bureau of Prisons*, No. 09-CV-8561, 2013 WL 1143617, at *3 (S.D.N.Y. Mar. 19, 2013).

Mindful of the Second Circuit's direction that a pro se plaintiff's pleadings must be liberally construed, *see Sealed Plaintiff*, 537 F.3d at 191, plaintiff's FTCA claim survives sua sponte review and requires a response. In so ruling, the Court expresses no opinion as to whether this claim can withstand a properly filed dispositive motion.

#### 4. Excessive Force Claims

As noted, the amended complaint also reasserts plaintiff's Eighth Amendment excessive force claims against defendants Bowman and Gianelli. *See generally* Am. Compl.

The Court found in the June 2019 Order that these claims survived sua sponte review and required a response. *See* June 2019 Order at 11, 28. Accordingly, and for the reasons set forth in the June 2019 Order, these claims once again survive sua sponte review and require a response.

### III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the amended complaint, as modified by this Order, is accepted for filing and is the operative pleading; and it is further

**ORDERED** that the Clerk shall update the docket to add the United States of America as a defendant and reinstate the following parties as defendants: (1) Veronica Fernandez; (2) Kim Berdo; and (3) Paul Shipman; and it is further

**ORDERED** that the following claims **SURVIVE** sua sponte review and require a response: (1) plaintiff's Eighth Amendment excessive force claims against defendants Bowman and Gianelli; (2) plaintiff's Eighth Amendment medical indifference claims against defendants Fernandez and Berdo; (3) plaintiff's First Amendment retaliation claims against defendants Fernandez and Shipman; and (4) plaintiff's FTCA claim against the United States of America; and it is further

**ORDERED** that all remaining claims are **DISMISSED with prejudice** pursuant to 28

U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted;[2] and it is further

**ORDERED** that the Clerk shall complete waiver of service of process forms for defendants Fernandez, Shipman, and Berdo, and provide those forms to the United States Marshal, who shall serve those forms, together with copies of the amended complaint, on defendants Fernandez, Shipman, and Berdo. The Clerk shall also issue summonses and forward them, along with copies of the amended complaint, to the United States Marshal, for service on the United States Attorney for the Northern District of New York ("U.S. Attorney's Office"), and the Attorney General of the United States in Washington, D.C., in accordance with Rule 4(i) of the Federal Rules of Civil Procedure. The Clerk shall also forward a copy of this Decision and Order to the U.S. Attorney's Office; and it is further

**ORDERED** that the deadline for defendants Bowman and Gianelli to respond to the amended complaint is **STAYED** pending the completion of service on defendants Fernandez, Shipman, Berdo, and the United States of America, or until the Court orders otherwise. Upon the completion of service on defendants Fernandez, Shipman, Berdo, and the United States of America, all of the defendants must respond to the amended complaint in accordance with the Federal Rules of Civil Procedure; and it is further

---

[2] Generally, when a district court dismisses a *pro se* action *sua sponte*, the plaintiff will be allowed to amend his action. *See Gomez v. USAA Fed. Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999). However, an opportunity to amend is not required where the plaintiff has already been afforded the opportunity to amend. *See Shuler v. Brown*, No. 9:07-CV-0937 (TJM/GHL), 2009 WL 790973, at *5 & n.25 (N.D.N.Y. March 23, 2009) ("Of course, an opportunity to amend is not required where the plaintiff has already amended his complaint."), *accord*, *Smith v. Fischer*, No. 9:07-CV-1264 (DNH/GHL), 2009 WL 632890, at *5 & n.20 (N.D.N.Y. March 9, 2009); *Abascal v. Hilton*, No. 9:04-CV-1401 (LEK/GHL), 2008 WL 268366, at *8 (N.D.N.Y. Jan.13, 2008); *see also Yang v. New York City Trans. Auth.*, 01-CV-3933, 2002 WL 31399119, at *2 (E.D.N.Y. Oct. 24, 2002) (denying leave to amend where plaintiff had already amended complaint once); *Advanced Marine Tech. v. Burnham Sec., Inc.*, 16 F. Supp. 2d 375, 384 (S.D.N.Y. 1998) (denying leave to amend where plaintiff had already amended complaint once); *cf. Foman v. Davis*, 371 U.S. 178, 182 (1962) (denial of leave to amend not abuse of discretion movant has repeatedly failed to cure deficiencies in pleading).

12

**ORDERED** that all pleadings, motions and other documents relating to this action be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions. All motions will be decided on submitted papers without oral argument unless otherwise ordered by the Court. **Plaintiff is also required to promptly notify, in writing, the Clerk's Office and all parties or their counsel of any change in plaintiff's address; his failure to do so may result in the dismissal of this action**; and it is further

**ORDERED** that the Clerk of the Court shall provide plaintiff with copies of the unpublished decisions cited herein in accordance with the Second Circuit decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam); and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED.**

Dated: October 4, 2019
      Syracuse, NY

Brenda K. Sannes
U.S. District Judge