UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SEAN T. WILEY,

                        Plaintiff,

                                                                      9:19-CV-0652

v.                                                                        (GTS/CFH)

VERONICA FERNANDEZ, Warden, Raybrook FCI;
GIANELLI, (SHU) Lt., FCI Raybrook;
KIM BERDO, Hospital Admin., FCI Raybrook;
D. BOWMAN, Corr. Off., FCI Raybrook;
PAUL SHIPMAN, (S.I.S.) Lt., FCI Rayrbook; and
UNITED STATES OF AMERICA,

                        Defendants.
_____

APPEARANCES:                                                  OF COUNSEL:

SEAN T. WILEY, 09137424
  Plaintiff, *Pro Se*
GILMER FCI
P.O. Box 6000
Inmate Mail/Parcels
Glenville, West Virginia  26351

HON. CARLA B. FREEDMAN                        RANSOM P. REYNOLDS, III, ESQ.
  Counsel for Defendants
P.O. Box 7198
100 South Clinton Street
Syracuse, New York 13261-7198

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

      Currently before the Court, in this *pro se* prisoner civil rights action filed by Sean T. Wiley ("Plaintiff") against the five above-captioned employees of the Federal Bureau of Prisons and the United States of America ("Defendants"), is U.S. Magistrate Judge Christian F.

Hummel's Report-Recommendation recommending that Defendants' partial motion to dismiss Plaintiff's First Amendment retaliation claim against Defendants Veronica Fernandez and Paul Shipman and his Eighth Amendment excessive-force claim against Defendants D. Bowman and Gianelli for failure to state a claim.  (Dkt. No. 55.)  Neither party has filed an objection to the Report-Recommendation, and the deadline by which to do so has expired.  (*See generally* Docket Sheet.)

After carefully reviewing the relevant papers herein, the Court can find no clear-error in Magistrate Judge Hummel's thorough Report-Recommendation:[1] Magistrate Judge Hummel employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts.  As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons set forth therein, Defendants' partial motion to dismiss is granted, and Plaintiff's First Amendment retaliation claim against Defendants Veronica Fernandez and Paul Shipman and his Eighth Amendment excessive-force claim against Defendants D. Bowman and Gianelli are dismissed for failure to state a claim.  The Court would add only that, because Plaintiff has already filed an Amended Complaint, the Court can and does dismiss the above-referenced claims with prejudice.

**ACCORDINGLY**, it is

---

[1] When no objection is made to a report-recommendation, the Court subjects that report-recommendation to only a clear error review.  Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.  When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id*.; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

**ORDERED** that Magistrate Judge Hummel's Report-Recommendation (Dkt. No. 55) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants' partial motion to dismiss (Dkt. No. 48) is **GRANTED**; and it is further

**ORDERED** that the following claims are **DISMISSED** from Plaintiff's Amended Complaint (Dkt. No. 13):

(1)  Plaintiff's First Amendment retaliation claim against Defendants Veronica Fernandez and Paul Shipman; and

(2)  Plaintiff's Eighth Amendment excessive-force claim against Defendants D. Bowman and Gianelli; and it is further

**ORDERED** that the Clerk of Court is directed to **TERMINATE** as Defendants the following individuals: D. Bowman, Gianelli, and Paul Shipman; and it is further

**ORDERED** that **SURVIVING** for trial are the following claims:

(1)  Plaintiff's claims of deliberate indifference to a serious medical need against Defendants Veronica Fernandez and Kim Berdo; and

(2)  Plaintiff's claims pursuant to the Federal Tort Claims Act against Defendant United States of America.

Dated: January 19, 2022
       Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge