UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

SEAN T. WILEY,

                          Plaintiff,

                                                        9:19-CV-0652
v.                                                      (GTS/CFH)

VERONICA FERNANDEZ, Warden, Raybrook F.C.I.;
KIMBERLY BURDO, Hosp. Admin., Raybrook F.C.I.,
f/k/a Kim Berdo; and UNITED STATES OF AMERICA,

                          Defendants.

---

APPEARANCES:                                   OF COUNSEL:

SEAN T. WILEY, 09137424
   Plaintiff, *Pro Se*
Allenwood U.S. Penitentiary
Inmate Mail/Parcels
P.O. Box 3000
White Deer, Pennsylvania 17887

HON. CARLA B. FREEDMAN                         RANSOM P. REYNOLDS, III, ESQ.
U.S. Attorney for the N.D.N.Y.                 Assistant U.S. Attorney
   Counsel for Defendants
P.O. Box 7198
100 South Clinton Street
Syracuse, New York 13261

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

Currently before the Court, in this *pro se* prisoner civil rights action filed by Sean T.

Wiley ("Plaintiff") against Warden Veronica Fernandez, Hospital Administrator Kim Burdo, and

the United States of America ("Defendants"), are (1) Defendants' motion for summary

judgment, (2) United States Magistrate Judge Christian F. Hummel's Report-

Recommendation recommending that Defendants' motion be granted and that Plaintiff's

remaining claims in this action be dismissed with prejudice; and (3) Plaintiff's Objections to the

Report-Recommendation. (Dkt. Nos. 90, 113, 116.)

Even when construed with the utmost of special leniency, Plaintiff's Objections either (1)

do not set forth a specific challenge to the Report-Recommendation, or (2) merely repeat

arguments that were already presented to (and rejected by) U.S. Magistrate Judge Hummel.

(*Compare* Dkt. No. 116, at 2-17 [Plf.'s Obj.] *with* Dkt. No. 105, at 2-21 [Plf.'s Opp'n Memo. of

Law].)  Granted, a handful of times, the Objections reference Magistrate Judge Hummel. (*See*

Dkt. No. 16, at 5 [stating that Plaintiff does "not agree" with Judge Hummel's analysis of

similarities under *Carlson* and *Ziglar*], at 7 [expressing disagreement with Judge Hummel's

reliance on 28 C.F.R. § 549.31(c)], at 8 [expressing disagreement with Judge Hummel's

reliance on 18 U.S.C. § 4042(a)], at 9 [taking issue with Judge Hummel's acceptance of one of

Defendants' arguments], at 16 [expressing disagreement with Judge Hummel's analysis

regarding "special factors"], and 17 [taking issue with Judge Hummel's statement that

challenging a policy is not an acceptable goal].)  However, each time, either the Objections fail

to set forth a specific basis for challenging the referenced portion of the Report-

Recommendation, or they set forth an argument that had been presented in Plaintiff's

opposition memorandum of law.  (*Id*.; *compare id*. *with* Dkt. No. 105, at 4-5, 9-10, 13-14, 17,

21 [presenting arguments regarding *Carlson*, *Ziglar* "special factors," and policy goals].)[1]

---

[1]      To lodge a challenge that is "specific," the objection must, with particularity, "identify [1] the
portions of the proposed findings, recommendations, or report to which it has an objection and [2] the
basis for the objection."  N.D.N.Y. L.R. 72.1(c); *cf. Mario v. P&C Food Markets, Inc.*, 313 F.3d 758,
766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation,
the statement with respect to his Title VII claim was not specific enough to preserve this claim for
review. The only reference made to the Title VII claim was one sentence on the last page of his
objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons

Finally, in support of his arguments, Plaintiff improperly attaches evidence that either had already been presented to Magistrate Judge Hummel or could have been presented to him. (*Compare* Dkt. No. 116, at 19-42 [attaching exhibits to Plf.'s Obj.] *with* Dkt. No. 105, at 22-43 [attaching Exhibits to Plf.'s Opp'n Memo. of Law].)[2]

When an objection merely reiterates the same arguments made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a clear error review.[3]  Similarly,

---

set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2]     A district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.  *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters,* 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

[3]     *See Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); A*lmonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.); *cf. Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3).").

3

when an objection is not specific (but is only general), the Court subjects the relevant portion of

the report-recommendation to only a clear error review.[4]

Here, after carefully reviewing the relevant papers herein, including Magistrate Judge

Hummel's thorough Report-Recommendation, the Court can find no clear error in the Report-

Recommendation:[5] Magistrate Judge Hummel employed the proper standards, accurately recited

the facts, and reasonably applied the law to those facts.  As a result, the Report-

Recommendation is accepted and adopted in its entirety for the reasons stated therein, and

Defendants' motion for summary judgment is granted.

To those reasons, the Court adds only that it would accept the well-reasoned Report-

Recommendation in its entirety even if the Court were to subject it to a *de novo* review.  For

example, with regard Plaintiff's disagreement with Magistrate Judge Hummel's reliance on 28

C.F.R. § 549.31(c), Plaintiff is respectfully reminded that Magistrate Judge Hummel so relied

on that provision when discussing Plaintiff's claim that Defendant Burdo wrongfully denied

him access to over-the-counter medication.  (*See* Dkt. No. 113, at 21-20 [addressing the claim

referenced in Dkt. No. 98, at 20-24]; Dkt. No. 98, at 20-24 [addressing the claim referenced in

Dkt. No. 90, Attach. 7, at ¶¶ 13-14, and set forth in Dkt. No. 13, at 5-6]; Dkt. No. 90, Attach. 7,

at ¶¶ 13-14 [regarding over-the-counter medication]; Dkt. No. 13, at 5-6 [setting forth a claim

---

[4]       Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition;
*Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.)
(collecting cases), *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).

[5]       When performing a clear-error review, "the court need only satisfy itself that there is no clear
error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), Advisory
Committee Notes: 1983 Addition; *cf. Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1
(S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate
judge's] report to which no specific objection is made, so long as those sections are not facially
erroneous.") (internal quotation marks omitted).

regarding the alleged wrongful denial of over-the-counter medication].)  Similarly, with regard

Plaintiff's disagreement with Magistrate Judge Hummel's reliance on 18 U.S.C. § 4042(a),

Plaintiff is respectfully reminded that Magistrate Judge Hummel did do so merely in support of

the point of law that "the BOP is charged with, among other things, 'the management and

regulation of all Federal penal and correctional institutions' and responsibility to 'provide

suitable quarters and provide for the safekeeping, care.'"  (Dkt. No. 113, at 20-21.)  He did not

do so, as Plaintiff implies, in support of the point of law that "prison officials are afforded

discretion in deciding how best to execute this duty of care" (which Magistrate Judge Hummel

supported with other citations).  (*Compare* Dkt. No. 116, at 8 *with* Dkt. No. 113, at 20-21.)

Simply stated, Plaintiff's Objections would be unpersuasive regardless of the level of scrutiny

that they triggered.

      **ACCORDINGLY**, it is

      **ORDERED** that Magistrate Judge Hummel's Report-Recommendation (Dkt. No. 113) is

**ACCEPTED** and **ADOPTED** in its entirety; and it is further

      **ORDERED** that Defendants' motion for summary judgment (Dkt. No. 90) is

**GRANTED**; and it is further

      **ORDERED** that the remaining claims asserted in Plaintiff's Amended Complaint (Dkt.

No. 13) – i.e., Plaintiff's claims against Defendants Fernandez, Burdo, and United States of

America – are **DISMISSED** with prejudice; and it is further

      **ORDERED** that the Clerk of Court shall issue a Judgment for Defendants and close this

action.

      The Court certifies that an appeal from this Decision and Order would not be taken in good

faith.

Dated: March 5, 2024
      Syracuse, New York

Glenn T. Suddaby
U.S. District Judge